IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN A. CAMPBELL,

    Petitioner,

    v.                            CASE NO. 17-3145-SAC

JEFF EASTER, et al.,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in state custody. Petitioner proceeds *pro se* and *in forma pauperis*. Petitioner claims a fugitive detainer placed on him from the Mississippi Department of Corrections and Lowndes County Court is illegal. Petitioner seeks a finding that the Mississippi sentence has expired and withdrawal of the fugitive warrant. Defendants filed a motion to dismiss (Doc. 7), alleging Petitioner failed to exhaust and that he is in custody because he faces additional state criminal charges unrelated to the claims raised in his habeas petition. The Court granted Petitioner's motion for extension of time, extending the deadline to respond to the motion to dismiss to November 10, 2017. (Doc. 11.) Petitioner filed a response on November 16, 2017. The motion can therefore be granted for failure to file a timely response. The motion can also be granted for failure to exhaust, as described more fully below.

Plaintiff failed to file a response to the motion to dismiss before the time to do so expired. Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who

> fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).  As a result of Petitioner's failure to timely respond, the Court may grant Respondents' motion to dismiss as uncontested.

The Court also finds that the Petition must be dismissed for failure to exhaust. Respondents note that Petitioner has an active appeal in the state courts challenging the same custody and raising the same claims he raises in this Court.  *See Campbell v. Easter*, No. 118,308, docketed in the Kansas Court of Appeals on September 27, 2017.  Respondents also note that Petitioner is not in custody solely because of the challenged Mississippi fugitive warrant.  Petitioner is also in custody to face state criminal proceedings in both Sedgwick and Butler Counties.  (Doc. 7–2.)  Petitioner does not raise a challenge to his custody related to those proceedings.

The claims raised by Petitioner in his state proceedings are substantively the same as those he raises in his federal habeas petition, and his state litigation is still underway.  Petitioner is appealing the denial of his state habeas corpus action, raising the following claims:

> I. Whether the fugitive from justice warrant from the State of Mississippi violates the Uniform Criminal Extradition Act?
> II.  Whether the fugitive from justice warrant from the State of Mississippi violates K.S.A. 22-2710?
> III. Whether the fugitive from justice warrant from the State of Mississippi meets

>the requirements of *Michigan v. Doran*, 439 U.S. 282, 99 S. Ct. 530, 58 L.Ed.2d 521 (1978), and Article IV, Section 2, of the U.S. Constitution?
>IV.   Did the District Court commit error by summarily dismissing Petitioner-Appellant's K.S.A. 60-1507 [state habeas corpus] petition?

Doc. 7–1, at 4, Civil Docketing Statement in Campbell v. Easter, Kansas Court of Appeals.

Petitioner's claims are not yet exhausted. "States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Generally, federal habeas corpus relief is not available to a state prisoner unless all state court remedies were exhausted before the petition was filed. 28 U.S.C. § 2254(b)(1)(A); *see also Wainwright v. Sykes*, 433 U.S. 72, 80–81 (1977). Exhaustion is required whether the action is brought pursuant to § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Petitioner claims in his response that the Court may rule on the merits despite a failure to exhaust, citing 28 U.S.C. § 2254(b)(2). Section (b)(2) provides that "[a]n application for a writ of habeas corpus may be ***denied*** on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (emphasis added). The section does not provide an avenue for granting a petition despite a failure to exhaust. The Petition is dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED BY THE COURT** that Respondents' Motion to Dismiss (Doc. 7) is **granted.**

**IT IS FURTHER ORDERED** that the petition is **dismissed without prejudice.**

**IT IS SO ORDERED**.

D**ated this 21st day of November, 2017, at Topeka, Kansas.**

                                                       **s/ Sam A. Crow**
                                                       **Sam A. Crow**
                                                       **U. S. Senior District Judge**